IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV387-MU-02

THOMAS MILTON HACKLER,       )
        Plaintiff,           )
                             )
        v.                   )
                             )
JAMES BAKER, Buncombe        )
  County Superior Court      )
  Judge;                     )
WILLIAM BOYUM, Assistant     )
  District Attorney for      )
  Buncombe County; and       )
JOHN JOSEPH MILLER, III,     )
  Buncombe County Deputy     )
  Sheriff,                   )
        Defendants.          )
_____)

        **THIS MATTER** comes before the Court on initial review of the

plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed

December 10, 2007.  For the reasons stated herein, the

plaintiff's Complaint must be summarily <u>dismissed</u>.

        As was noted in the Court's Order of April 29, 2002 for case

numbers 1:02CV99-MU, 1:02CV100-MU, and 1:02CV101-MU, the

plaintiff previously has filed at least three civil actions which

this Court has dismissed for failure to state a claim upon which

relief may be granted.[1]  Obviously undaunted by his lack of

success, the plaintiff has continued to file <u>in forma pauperis</u>

---

[1]The cases which were dismissed for failure to state a claim upon which
relief may be granted are 1:02CV20-MU, 1:02CV21-MU and 1:02CV23-MU.

civil actions in this Court, including the instant action.

Pursuant to 28 U.S.C. § 1915(g), "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

First, it has not escaped the Court's attention that in the instant Complaint, the plaintiff is: (1) alleging claims against individuals (a judge and assistant prosecutor) who are immune from civil liability in this type of proceeding; (2) seeking relief (the dismissal of his State criminal charges, termination of the deputy sheriff, disbarment of the prosecutor and notation of his complaint in the judge's "permanent record") which is not available under §1983; and/or (3) alleging claims (that he was unlawfully arrested, searched, prosecuted and convicted) which virtually are identical to claims which previously were considered and dismissed by this Court. Thus, notwithstanding any other obstacles to his ability to proceed, the plaintiff's Complaint is subject to summary dismissal for those reasons.

Second, and most critically, the plaintiff has failed to

assert or even suggest that he is in imminent danger of physical injury. Therefore, because the plaintiff has had three prior civil cases dismissed for failure to state a claim, and he has brought the instant action under § 1915, this Court must dismiss the plaintiff's case.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Complaint is **DISMISSED** without prejudice. <u>See</u> 28 U.S.C. §1915(g).

**SO ORDERED.**

Signed: December 17, 2007

Graham C. Mullen
United States District Judge